IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITES STATES OF AMERICA**

v.                                        **4:06CR00135-01 WRW**

**JEREMY BRENT KERSEY**

### ORDER

Pending is the Prosecution's Motion For Continuance (Doc. No. 115). The Defendant has responded (Doc. No. 116). The Prosecution requests: (1) a continuance; (2) the Court to determine the Defendant's mental capacity at the time of the offense; and (3) that any delay in connection with the psychiatric evaluation be excluded from calculations for the purpose of the Speedy Trial Act.[1] The Prosecution previously requested a psychiatric examination to determine both competency to stand trial and competency at the time of the offense (Doc. No. 102), but the Court's order (Doc. No. 105) inadvertently mentioned only an examination in connection with competency to stand trial. Thus, the psychiatric evaluation received by the Court did not address the issue of competency at the time of the offense.

For good cause shown, the Prosecution's Motion to Continue is GRANTED.

It is therefore ordered:

(1) That Defendant, under 18 U.S.C. § 4247(b) and (c), is committed to the custody of the Attorney General or his authorized representative for a period not to exceed thirty (30) days for psychiatric examination under 18 U.S.C. § 4242. The Defendant's previous psychiatric evaluation was performed by Ms. Karen Milliner, Psy. D., at the Federal Medical Center in Lexington, Kentucky. The Defendant is ordered to return to the same facility and same doctor for an evaluation of his competence at the time of the offense;

---

[1] 18 U.S.C. 3161 *et seq.*

(2) That since Defendant is not in custody and is eligible to self-report, he will report directly to the designated medical facility on Monday, October 29, 2007. He is to be released from that facility upon the completion of the examination period to return home at his own expense. Defendant is to be released on the same bond and conditions previously set upon completion of the examination, and he must report to the probation office in this district within three days of his release;

(3) That, under 18 U.S.C. § 4247©, the facility conducting the examination will file a report with this Court with copies to the Defendant's counsel and the Prosecution; and

(4) That any delay in commencing the trial of this case occasioned by this examination will be excludable under the provisions of the Speedy Trial as provided by 18 U.S.C. § 3161(h)(1)(A).

In connection with the determination of insanity at the time an offense was committed, "the court, upon motion of the attorney for the Government, shall order a psychiatric or psychological examination. . . ."  The Speedy Trial Act excludes for the purposes of speedy trial "*[a]ny period of delay* resulting from other proceedings concerning the defendant, including, but not limited to . . . any examinations, to determine the mental competency or physical capacity of the defendant. . . ."[2]  The Eighth Circuit recognizes this exclusion.[3]

IT IS SO ORDERED this 15th day of October, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] 18 U.S.C. 3161(h)(1)(A).

[3] See *United States v. DeGarmo*, 450 F.3d 360 (8th Cir. 2006).